IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN BARTOW REYNOLDS and MILDRED LUCILLE REYNOLDS,<br><br>    Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:13-CV-440 (MTT)<br>)<br>)<br>)<br>) |

### ORDER

For the fourth time, this Court is considering a case that arises from the allegedly improper foreclosure of the Plaintiffs' property. Before the Court are the motion to dismiss (Doc. 4) by Defendants JPMorgan Chase Bank, N.A., and Federal National Mortgage Association ("Fannie Mae"), the Defendants' motion to stay discovery (Doc. 6), and Plaintiff John Reynolds's motion for summary remand (Doc. 7), which he filed personally even though he is represented by an attorney. For the following reasons, the motion to dismiss is **GRANTED**, the motion to stay discovery is **DENIED as moot**, and the motion to remand is **DENIED**.

### I. FACTS

The property at issue is located at 1050 County Line Road, Griffin, Georgia. (Doc. 1-1 at 13, ¶ 1). In 2005, Plaintiffs John and Mildred Reynolds conveyed a security deed for the property to Mortgage Electronic Registration Systems, Inc., to secure a $155,750 loan. (Doc. 1-1 at 20). The deed was ultimately transferred to Defendant JPMorgan Chase. When the Plaintiffs defaulted on payment of the loan, JPMorgan foreclosed on the property in June 2011. (Doc. 1-1 at 20-21). JPMorgan was the

highest bidder at the foreclosure sale, and it conveyed the property to Defendant Fannie Mae on June 22 following the sale. (Doc. 1-1 at 21, 23-24). John Reynolds first contested the foreclosure prior to the sale by filing suit in Lamar County Superior Court in May 2010. Following removal to this Court, the case was dismissed without prejudice.[1]

John Reynolds filed a second action against JPMorgan in Lamar County Superior Court on June 24, 2011, alleging wrongful foreclosure and sale and challenging JPMorgan's interest in the property. That action was removed to this Court in August 2011 and dismissed with prejudice in November 2011 because John Reynolds did not allege he was not in default on his mortgage obligations and failed to state a claim for which relief could be granted. This Court also dismissed with prejudice John Reynolds's claims for "double-tracking/robo signing," breach of contract, identity theft, theft by deception, "forged assignment," and unjust enrichment. (Doc. 4-4). *See also Reynolds v. JPMorgan Chase Bank, N.A.*, 2011 WL 5835925 (M.D. Ga.). John Reynolds appealed the Court's decision and the Eleventh Circuit dismissed his appeal for want of prosecution. (Doc. 4-5). *See also Reynolds v. JPMorgan Chase Bank, N.A.*, No. 11-16056-D (11th Cir. Feb. 13, 2012).

On July 11, 2011, John Reynolds filed a third action in state court against Fannie Mae asserting the same claims as in the second action and adding a claim for wrongful eviction. After the case was removed to this Court, it was dismissed with prejudice in

---

[1] That action was removed to this Court in June 2010 and dismissed in October 2010 for failing to state a claim. (Doc. 4-2). *See also Reynolds v. Mouridy*, No. 5:10-cv-249 (MTT), Doc. 18. Among the defendants in that case was Chase Home Finance, LLC, which was succeeded by merger with JPMorgan. *See, e.g.*, Doc. 4-4 at 2; *Harris v. Chase Home Finance, LLC*, 524 F. App'x 590, 591 (11th Cir. 2013). In previous court documents, this and other courts sometimes refer to Chase Home Finance. For ease of reference, the Court in this Order refers to JPMorgan as the party in interest in those prior actions.

November 2011 for John Reynolds's failure to allege he was not in default on his mortgage, failure to allege any eviction proceedings against him, and failure to state a claim for which relief could be granted. As with the second action against JPMorgan, the Court also dismissed John Reynolds's claims against Fannie Mae for "double-tracking/robo signing," breach of contract, identity theft, theft by deception, forged assignment, unjust enrichment, and wrongful eviction. (Doc. 4-6). *See also Reynolds v. Fannie Mae*, No. 5:11-cv-312 (MTT), Doc. 12. John Reynolds appealed the Court's decision and the Eleventh Circuit dismissed his appeal for want of prosecution. (Doc. 4-7). *See also Reynolds v. Fannie Mae*, No. 11-16057-F (11th Cir. Feb. 21, 2012).

Fannie Mae initiated a dispossessory proceeding against the Plaintiffs on July 19, 2011 in the Lamar County Magistrate Court and obtained a writ of possession from the court in March 2012. The Plaintiffs appealed to the Lamar County Superior Court, which also granted their request to add JPMorgan as a plaintiff. The Plaintiffs then filed several counterclaims against the Defendants arising from the foreclosure sale, including conversion, slander of title, wrongful foreclosure, and civil conspiracy, among others. JPMorgan moved for summary judgment and, in response, the Plaintiffs voluntarily dismissed their counterclaims against JPMorgan in December 2012. (Doc. 4-8 at 2; Doc. 4-9 at 3-4). However, in March 2013, the superior court granted summary judgment to Fannie Mae. The court found the Plaintiffs were tenants at sufferance holding over after a foreclosure sale and that Fannie Mae was entitled to possession of the property at 1050 County Line Road as a matter of law. The court further held that the Plaintiffs' affirmative defenses and counterclaims failed as a matter of law because they were barred by res judicata and collateral estoppel. Finally, the court concluded

the Plaintiffs had failed to state a claim upon which relief could be granted and entered summary judgment in favor of Fannie Mae. It then dismissed the Plaintiffs' counterclaims with prejudice. (Doc. 4-9 at 4-5). John Reynolds appealed the superior court's decision, but his appeal was untimely and the Georgia Court of Appeals dismissed the appeal for lack of jurisdiction. (Doc. 4-10). *See also Reynolds v. Fed. Nat'l Mortg. Ass'n*, No. A13D0316 (Ga. App. May 8, 2013).

On July 3, 2013, the Plaintiffs commenced this action by filing a "Petition to Establish Title Against All the World" in the Lamar County Superior Court. (Doc. 1-1 at 13). They allege that the Deed Under Power conveying the property to JPMorgan following the foreclosure sale (Doc. 1-1 at 20-22) and the Special Warranty Deed (Doc. 1-1 at 23-24) by which JPMorgan passed the property to Fannie Mae "are forged, fraudulent, and executed without authority; hence they are void and did not convey title under Georgia law." (Doc. 1-1 at 14, ¶ 6). The Plaintiffs further allege the Deed Under Power is defective because it was not timely filed and JPMorgan "did not have authority to foreclose or execute a deed under power because it was not the real party in interest." (Doc. 1-1 at 14, ¶ 6). As a result, the Plaintiffs contend they should hold sole title to the property.

The Defendants removed the action to this Court on November 20, 2013.[2] Removal jurisdiction is premised upon 28 U.S.C. § 1332 because the Parties are

---

[2] According to the Defendants' notice of removal, neither was served with process but Fannie Mae received a copy of the petition by certified mail on October 22, 2013. The Plaintiffs argue the Defendants were properly served October 22. (Doc. 7-3; Doc. 7-4). Regardless, the case was timely removed from that date. *See* 28 U.S.C. § 1446(b).

completely diverse and the amount in controversy exceeds $75,000.[3] The Defendants move to dismiss the Plaintiffs' petition for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] The Defendants contend the Plaintiffs' claims are barred by res judicata and collateral estoppel and that the Plaintiffs have no standing to bring a quiet title action because they no longer have a title interest in the property. (Doc. 4-1 at 2). The Plaintiffs did not file any response to the Defendants' motion.[5]

## II. DISCUSSION

### a. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the

---

[3] The Plaintiffs are citizens of Georgia. JPMorgan is a national banking association that is a citizen of Ohio. Fannie Mae is a federally chartered corporation that is a citizen of the District of Columbia. (Doc. 1, ¶ 10). The Plaintiffs do not allege a specific amount in controversy. However, this amount may be measured by the value of the property at issue as determined either by the amount for which it sold at foreclosure or by its fair market value as evidenced by county tax records. *See Baker v. Select Portfolio Servicing*, 2013 WL 4806907, at *4, n.5 (N.D. Ga.); *Brown v. Citimortgage, Inc.*, 2011 WL 1059206, at *2-3 (S.D. Ala.); *Ra'oof v. U.S. Bank*, 2010 WL 4975496, at *1 (N.D. Ga.). In this case, the property at issue sold at foreclosure for $97,300. (Doc. 1-1 at 21). The Lamar County tax assessor values the property at $205,335. (Doc. 1-2 at 2). Both values exceed $75,000. *See also* Doc. 1, ¶¶ 13-17.

[4] The Defendants also move to stay discovery (Doc. 6) pending a ruling on their motion to dismiss. That motion is **DENIED as moot**.

[5] John Reynolds, however, did file a "motion for summary remand" on December 20, 2013. (Doc. 7). He filed the motion apparently of his own accord despite the fact he is represented by counsel. The motion is improper because it was not filed and signed by the Plaintiffs' attorney. Moreover, the motion is frivolous. Mr. Reynolds argues the Parties are not diverse, but he has not specifically challenged the citizenship of any of the parties and has submitted nothing to suggest their citizenships are anything other than what the Defendants put forth in their notice of removal. Accordingly, the motion is **DENIED**.

plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

### b. Res Judicata Bars the Plaintiffs' Petition

Res judicata bars relitigation of matters decided in prior court proceedings. The doctrine forbids "'a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)). This includes not only claims raised in the prior action but also claims that could have been raised previously. *Id.* (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1271 (11th Cir. 2002)). Determining whether prior and present actions are the same requires the Court to decide "whether the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate.'" *Id.* (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001)).

Decisions in the actions preceding this one were rendered by courts of competent jurisdiction and were final judgments on the merits.  This Court dismissed with prejudice John Reynolds's second and third actions.  In the fourth action, the Lamar County Superior Court dismissed with prejudice the Plaintiffs' counterclaims when granting summary judgment to Fannie Mae.[6]  The Parties do not dispute these cases were properly before these courts.  Further, "[t]he phrases 'with prejudice' and 'on the merits' are synonymous terms." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).  It is clear that "[a] dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise." *Hart v. Yamaha-Parts Distribs., Inc.,* 787 F.2d 1468, 1470 (11th Cir.1986).  There is nothing to indicate these cases were dismissed in any manner other than on the merits.[7]  Accordingly, the first two res judicata elements are satisfied as to the second, third, and fourth prior actions.

The parties in this suit and the previous suits are, for purposes of res judicata, identical because they are either the same parties as in prior actions or are parties that

---

[6]  Under the Full Faith and Credit Act, 28 U.S.C. § 1738 (2006), federal courts generally must give a state court judgment "'the same effect that it would have in the courts of the State in which it was rendered.'" *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1196 n.6 (11th Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 369 (1996)).  Determining the preclusive effect of a state court judgment requires the Court "'to refer to the preclusion law of the State in which judgment was rendered.'" *Id.* (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).  Preclusion law in Georgia is substantively the same as outlined above in *Davila*: "A party seeking to invoke *res judicata* on the basis of a prior judgment [under Georgia law] must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1556 (11th Cir. 1993) (citations omitted).  Thus, to the extent the decision of the Lamar County Superior Court provides the basis for res judicata in this case, the analysis as outlined in this Order also satisfies state preclusion requirements.

[7] Perhaps there could be some argument that, in the fourth action, there was not a final decision on the merits as to JPMorgan because the Plaintiffs dismissed their claims against the bank before a final decision was reached.  However, even if this were true, it does not matter to the outcome of this Order because JPMorgan was a defendant in the second action in which this Court reached a final decision on the merits.

were in privity with one another in prior actions. *See Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (referring to "the parties, or those in privity with them"). The property at issue was jointly owned by the Plaintiffs as tenants in common. (Doc. 1-1 at 17, 20). Because they both owned the property, the Plaintiffs were in privity with one another. *See Smith v. Nasserazad*, 247 Ga. App. 457, 458, 544 S.E.2d 186, 188 (2001) ("One party is the privy of another where there is a mutual or successive relationship to the same right."); *Bennett v. Cotton*, 244 Ga. App. 784, 786, 536 S.E.2d 802, 804 (2000) (recognizing that privity denotes a "mutual or successive relationship to the same rights of property"). Thus, although John Reynolds was the sole plaintiff in the first three actions, Mildred Reynolds, who joined him as a plaintiff in the fourth action, has always been a party for res judicata purposes based on her privity with John. Similarly, JPMorgan was a defendant in the second action and a counter defendant in the fourth action. Because JPMorgan conveyed the property to Fannie Mae prior to the second action, Fannie Mae has been in privity with JPMorgan during the second, third, and fourth lawsuits. Moreover, it was a named defendant in the third and fourth actions. Now, both JPMorgan and Fannie Mae are Defendants in this action, and both John Reynolds and Mildred Reynolds are Plaintiffs. Consequently, the parties in this suit and in the previous suits are identical.

Finally, the prior and present causes of action are the same for res judicata purposes because they arise out of the same nucleus of operative fact and are based upon the same factual predicate. Importantly, "[r]es judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Maldonado*, 664 F.3d at 1376

(internal quotations and citation omitted).  *See also Bennett*, 244 Ga. App. at 786, 536 S.E.2d at 804 (under Georgia law, all claims for relief that concern "the same subject matter" must be raised in the first action because "[a]ny claims for relief concerning the same subject matter that are not raised are thereafter barred").

In comparing this action and the prior actions, it is clear they arise from the same subject matter and nucleus of operative fact.  The lawsuits all involve the Plaintiffs' mortgage, the subsequent foreclosure and sale of the Plaintiffs' property, and the rights and obligations of the parties involved.  Although this present action specifically seeks to quiet title, the substantive rights at issue are the same as in the prior suits, and the Plaintiffs cite no material change in the facts or law that would support rehearing these arguments.  *See Jaffree v. Wallace*, 837 F.2d 1461, 1469 (11th Cir. 2011) ("res judicata bars all subsequent suits raising allegedly new theories, unless a substantial change in the underlying facts or law has transpired").  Further, the Plaintiffs now seek relief that, for all intents and purposes, is the same as what they previously sought – recognition of their rights to the property at 1050 County Line Road.  Thus, because this lawsuit and the Plaintiffs' previous actions arise from the same nucleus of operative fact and concern the same subject matter, the prior and present causes of action are the same, and res judicata applies.

### III. CONCLUSION

For the reasons set forth above, the Plaintiffs' action to quiet title is barred by res judicata.  The Court need not address the Defendants' collateral estoppel or standing arguments.  The Defendants' motion to dismiss is **GRANTED**, and this action is

**dismissed with prejudice**. The Defendants' motion to stay discovery is **DENIED as moot**, and John Reynolds's motion to remand is **DENIED**.

    **SO ORDERED,** this 14th day of January, 2014.

                                          S/ Marc T. Treadwell  
                                          MARC T. TREADWELL, JUDGE  
                                          UNITED STATES DISTRICT COURT